UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Anthony Gringeri

    v.                                                Case No. 15-cv-281-SM
                                                    Opinion No. 2015 DNH 228

United States of America

**O R D E R**

Based upon his plea to an information, petitioner was found guilty of mail fraud, in violation of 18 U.S.C. § 1341. He now seeks relief from his conviction and sentence on grounds that his plea was improvident, claiming it was based upon fraud perpetrated by his defense counsel.

A prisoner may seek post conviction relief from a federal court conviction pursuant to 28 U.S.C. § 2255 if the sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Such allegations of error must "reveal fundamental defect[s] which, if uncorrected, will result in a complete miscarriage of justice" and cannot be a "surrogate for a direct appeal." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (internal citations and quotation marks omitted). Once a prisoner requests relief under section 2255, a district

.

court must grant an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007). If a district court dismisses a section 2255 claim without holding an evidentiary hearing, the allegations set forth in the petition are taken as true unless "'those allegations are merely conclusory, contradicted by the record, or inherently incredible.'" Owens, 483 F.3d at 57 (quoting Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002)); see also United States v. Crooker, 729 F.2d 889, 890 (1st Cir. 1984). Under a 2255 motion to vacate, dismissal is warranted if the allegations made are "palpably incredible" or "patently frivolous or false." Blackledge v. Allison, 431 U.S. 63, 76 (1977) (internal citation and quotation marks omitted); see also Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992) (summary dismissal is appropriate when petition is inadequate on its face or is conclusively refuted by the files and records of the case); Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990) (allegations cannot be accepted as true if "they are contradicted by the record, inherently incredible or conclusions rather than statements of facts").

In this case the record shows that petitioner is not entitled to habeas relief for the reasons articulated in the government's response, particularly because his current claims are forcefully contradicted by the record and his own sworn statements.

Petitioner claims that his attorney duped him by having him sign a plea agreement that called for a "binding" sentence of 0-6 months in prison, after which counsel surreptitiously replaced that agreement with another calling for a prosecutorial recommendation of a sentence at the low-end of the applicable Guidelines Sentencing Range ("GSR") (21 months). Petitioner also generally alludes to a failure by counsel to note an appeal (i.e., he suggests that at some point after sentencing he thought an appeal was pending and/or counsel told his family and friends that an appeal was pending), but he does not assert that he directed counsel to note an appeal. Nor does he assert that counsel failed to consult him about an appeal despite reason to think that either: (1) a rational defendant would want to appeal; or (2) petitioner was interested in appealing his conviction and sentence, and, (3) but for counsel's deficient conduct in that regard, he would have timely appealed. See Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). Parenthetically, the court notes that, subject to certain

limitations, the plea agreement waives defendant's rights to appeal and collaterally challenge his conviction or sentence, and defendant acknowledged understanding those waivers during the plea colloquy.

With respect to his substituted plea agreement and concomitant improvident plea claim, the record is clear: Petitioner stated under oath during the plea colloquy, <u>inter alia</u>, that: he understood the provisions of the plea agreement as filed with and described to him by the court; he reviewed each provision of the written agreement with counsel; he agreed that the prosecutor's inculpatory factual recitation was accurate; he acknowledged that he was pleading guilty because he was in fact guilty; he understood the sentence would be based on a calculation of the Guideline Sentencing Range; he understood the imposed sentence could be higher or lower than that recommended by the properly calculated Guideline Sentencing Range; the government would, under the terms of his plea agreement, be recommending a sentence at the low end of the applicable GSR, but the court was not bound by that recommendation; he was knowingly waiving his rights to trial and appeal (with exceptions), and wished to plead guilty; and he was fully satisfied with defense counsel's advice and the representation provided.

At sentencing the government argued for a low-end of the range sentence, specifically mentioning 21 months: "[C]onsistent with the plea agreement and based on the facts of this case we recommend 21 months of incarceration."  Defense counsel also argued, consistently with the terms of the plea agreement, for a low-end sentence: "I am asking, your Honor, basically that the low end of the Guidelines of 21 months be adopted with supervised release."  Defendant did not raise any question regarding the government's sentencing recommendation, his own counsel's sentencing recommendation, or the pre-sentence investigation report's disclosure of the applicable GSR.  Nor did he contradict counsel's representation that he had reviewed the presentence investigation report with defendant.  And, when given an opportunity to make any statement he wished prior to the imposition of sentence, petitioner said nothing about the 21-month sentence recommended by both the Government and his counsel.  Instead, petitioner merely stated, "I'd just like to apologize to [the victim] and to the U.S. Government."

  Petitioner's current claim — that his defense counsel had him sign a "binding" plea agreement for a sentence of 0-6 months and then later switched the pertinent pages, or the entire agreement, to reflect a non-binding agreement for a low-end GSR recommendation, unbeknownst to him, and that, necessarily, his

contrary representations during the plea colloquy were false — is "palpably incredible," and, critically, is plainly contradicted by the record.

Petitioner's current claims are entirely inconsistent with his sworn statements at the plea hearing, which statements are entitled to a presumption of truthfulness. Nothing in the petition or in the record discloses a "credible, valid reason[] why a departure from those earlier contradictory statements is now justified." United States v. Butt, 731 F.2d 75, 80 (1984); see also United States v. Pulido, 566 F.3d 52, 58-62 (1st Cir. 2009); United States v. Torres-Rosario, 447 F.3d 61, 67 (1st Cir. 2006) (holding that a court is "entitled to give weight to [the defendant's] assurances at his change of plea [colloquy] absent a good reason for discarding them."); Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977) (a defendant's "declarations in open court carry a strong presumption of verity"). Unsupported, conclusory, highly improbable, claims that are plainly contradicted by the record of petitioner's own sworn statements and behavior warrant neither a hearing nor relief.

As the petition, and the files and records of the case conclusively show that the petitioner is entitled to no relief,

the petition (document no. 1) is denied. The court declines to issue a certificate of appealability, but petitioner may seek a certificate from the Court of Appeals under Federal Rule of Appellate Procedure 22. <u>See</u> Rule 11, Federal Rules Governing Section 2255 Proceedings. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 10, 2015

cc: Anthony Gringeri, pro se
    Seth R. Aframe, AUSA