UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Anthony Gringeri</u>

    v.                                           Case No. 15-cv-281-SM
                                                         Opinion No. 2015 DNH 231

<u>United States of America</u>

**<u>O R D E R</u>**

Petitioner filed a Reply to the Government's Opposition (document no. 7), but it was received and docketed after the order resolving his petition was issued.  The court will consider the reply as a motion to reconsider, and, having reconsidered the matter, reaffirms the previous resolution, but with some added clarification.

Petitioner vacillates between asserting that defense counsel told him he had a "binding" plea agreement calling for no more than 6 months in prison, on the one hand, and claiming that "I was agreeing to a deal that [counsel] said I would <u>probably</u> get probation, but at worst up to 6 months" (emphasis added), on the other hand.  Petitioner's Reply to the Government's Opposition, document no. 7, p. 4.  The former claim has been addressed in the prior order, and the latter variation also warrants no relief.  "[A]n inaccurate prediction about sentencing will generally not alone be sufficient to sustain a claim of

ineffective assistance of counsel." <u>Knight v. United States</u>, 37 F.3d 769, 775 (1st Cir. 1994); <u>see also</u> <u>United States v. Pallotta</u>, 433 F.2d 594, 595 (1st Cir. 1970) ("A mere prediction by counsel of the court's likely attitude on sentence, short of some implication of an agreement or understanding, is not ground for attacking a plea.") (internal quotation marks omitted).  As noted earlier, petitioner's claim of an "understanding or agreement" different from the one he acknowledged under oath during the plea colloquy is both not credible and contradicted by the record.

With regard to his ineffective assistance claim related to counsel's failure to file an appeal, petitioner elaborates somewhat in his reply (document no. 7, p. 2) stating, "My attorney told me immediately after the [sentencing] hearing that he would appeal."  But again, at no point does petitioner suggest, much less assert, that he gave counsel "specific instructions" to file a notice of appeal.  <u>See</u> <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000).  And, for additional reasons, no constitutional violation in that regard is described in the petition.  First, the conviction here followed a guilty plea, the sentence imposed was completely consistent with that contemplated by the plea agreement (i.e., petitioner received the sentence he bargained for), and the plea agreement included explicit waivers

(with limited exceptions) of petitioner's rights to appeal or seek collateral review.

In this circuit an appeal waiver provision in a plea agreement will be enforced if: 1) the waiver provision is clearly set forth in the plea agreement; 2) the district court questions the defendant "specifically about [his] understanding of the waiver provision and adequately inform[s] [him] of its ramifications;" and 3) no miscarriage of justice will otherwise result.  United States v. Chandler, 534 F.3d 45, 49 (1st Cir. 2008) (citations).

Here, all of those requisite elements are present: the waiver provisions are clearly set forth in the plea agreement; petitioner was specifically questioned about his understanding of the waiver provisions and was adequately informed about their consequences; and he confirmed his understanding of the waiver provisions.  Given his adoption of the prosecutor's inculpatory factual recitation, as well as the absence of any credible suggestion of actual innocence in the petition, no miscarriage of justice would result from enforcing the waiver provisions. Accordingly, the appeal and collateral review waivers are valid and enforceable.

It is highly doubtful that counsel's failure to note an appeal, given that waiver, could constitute ineffective assistance.[1]  First, petitioner knowingly and voluntarily waived his right to appeal and, while there are exceptions to that waiver, petitioner does not assert any facts that might bring the appeal he now seeks within an exception.  So, counsel was not free, of course, to unilaterally file an appeal in violation of the plea agreement's terms.  Even if petitioner had actually directed him to do so, counsel's duty to file an appeal would be doubtful in this case, for "a lawyer has a duty to the judiciary to avoid frivolous litigation — and an appeal in the teeth of a valid waiver is frivolous."  See e.g. Nunez, 546 F.3d at 455.

---

[1]  While there appears to be a split among the circuits, the better approach with respect to such ineffective assistance claims in cases involving a waiver of appeal rights, is to first review the waiver of appeal provisions in the plea agreement to determine whether the waivers are enforceable, and, if so, as they are here, to then consider the ineffective assistance claim (i.e., failure to note an appeal) in that context.  Compare e.g. United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007); United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007) with United States v. Mabry, 536 F.3d 231, 240 (3d Cir. 2008); Nunez v. United States, 546 F.3d 450 (7th Cir. 2008); see also Flores-Ortega, 528 U.S. at 488 n.1 (Souter, J. concurring in part and dissenting in part) ("there is no claim here that Flores-Ortega waived his right to appeal as part of his plea agreement").  Our court of appeals has not yet addressed the specific issue, but that same approach has been taken by other district courts in the First Circuit.  See United States v. Falcon, 2011 WL 777852 (D.R.I. February 28, 2011) (collecting cases); Agosto v. United States, 2012 WL 3518130 (D. Mass. August 15, 2012).

The reply, construed as a motion to reconsider, is granted in that the court has reconsidered the matter, but for the reasons given, the prior order resolving the petition stands and relief on motion to reconsider is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 18, 2015

cc: Anthony Gringeri, pro se
    Seth R. Aframe, AUSA